MICHAEL DILLON, Respondent, *v.* THE CITY OF SYRACUSE,
Appellant.

*Supreme Court, Fourth Department, General Term, February* 15, 1890.

1. *Municipal corporation.  Contract.*—A contractor, under a contract to
repair and construct a bridge, by the terms of which the old stone used
was to be charged against him at an amount to be determined by the
city engineer, whose decision was to be final, cannot recover for the old
stone used nor for extra centering and gravel.
2. *Same.*—Where, under such contract, it was agreed that the city engineer
should, with the consent of the common council, have power to vary
the contract, he has no right, without such consent, to increase the
contractor's compensation, or power to bind the city to pay, beyond
the contract, for material or labor in properly performing the contract.
3. *Same.*—A provision in the contract, whereby the parties agreed to be
bound by the return of the engineer, is obligatory.

Appeal from judgment entered upon a verdict in favor of
the plaintiff for $1,142.34 recovered at Onondaga circuit
June, 1888, and from an order denying motion on the min-
utes for a new trial.

It is alleged in the complaint " that the defendant is
indebted to the plaintiff upon a contract in the sum of
$1,551, and interest thereon from the 11th day of February,
1887, for work, labor and services, and materials furnished
by this plaintiff for the defendant in the building, repairing,
altering and constructing a certain stone bridge over the
Onondaga creek on West Genesee street in the city of Syra-
cuse."

*C. L. Stone,* for appellant.

*M. M. Waters,* for respondent.

MERWIN, J.—On the 1st June, 1886, the plaintiff and his assignor, Andrew Van Orman, entered into a written contract with the defendant by which Van Orman and Dillon agreed to furnish all the material and perform all the labor necessary to construct and finish, in every respect in the most substantial and workmanlike manner, the repairing the arch of the bridge over the Onondaga creek on West Genesee street, according to certain plans and specifications, for certain prices and rates therein stated, which were to be in full compensation for the materials furnished and labor performed in completing the work. It was further provided, among other things, that the city engineer should have power, " with the consent of the common council, to alter, vary, extend, increase or diminish the quantity of the work, within reasonable limits, during its progress, without vitiating the contract ; but no part of the work shall be altered by the party of the first part (Van Orman & Dillon) from that shown on the drawings, or prescribed in the specifications, without the express sanction of the city engineer in writing ; " " that all valuable materials found in the work or structures (mechanical or otherwise) shall, unless otherwise specified or noticed in the papers hereto attached, be the property of the city of Syracuse, and the said party of the first part shall receive and use the same, when required, in the work herein contracted for, and shall allow therefor such sum as the said engineer shall deem equitable, and the value thereof shall be deducted from the account of work done under this agreement; and when material other than above mentioned is found in the excavation in a natural formation or deposit, the party of the first part shall be allowed to use, in the work herein contracted for, all such material as the said engineer may approve and deem necessary and proper, without charge therefor ; " " that the return of the said engineer shall be the account by which the amount of work done and materials furnished under this contract shall be computed ; " " that in case of any misunderstanding or dispute

between the parties hereto in regard to the true intent or meaning of any of the terms of this contract or specifications, the same shall be submitted to the said engineer, and his decision in such case shall be final and conclusive between the parties; " " that payment shall be made to the party of the first part under this contract in monthly installments, on a certificate of the engineer of the proportionate amount so due. Providing always, that fifteen per cent. of the whole amount payable for work done and material furnished shall be retained by the said city until the final settlement of this contract; and when in the opinion of the said engineer the work shall have been fully completed in accordance with this agreement, the said engineer shall, as soon as practicable, make up the final account therefor, and upon his final acceptance of the work shall return to the common council said account duly verified by him, whereupon said common council shall review, and when satisfactory shall approve the same, and thereupon the moneys, or property deposited with his proposal for the work herein described, shall be returned to the party of the first part, and the party of the first part shall be entitled to receive the amount due on said final account, including the fifteen per cent. retained, in full settlement of this contract, less the amount hereinbefore specified."

The expression " the amount hereinbefore specified " referred to an amount that might be retained for subsequent repairs. No question about this arises here.

Upon the trial, the plaintiff, in presenting his case, put in evidence the contract and specifications and the " final account," so called, made up by the engineer and presented to the common council. This account showed a balance due to the contractors of $829.48 after deducting payments to amount of $1,272.15. There was no dispute about these payments. In this account, under the head of material furnished by the city, there were three items for stone, as follows:

37

| | |
|---|---:|
| 148.5 cubic yards arch stone at $2 . . . . . | $297 00 |
| 42.8 cubic yards face stone and coping at $3 . . | 128 40 |
| 10 cubic yards backing at $1.50 . . . . . . | 15 00 |

which were deducted from the account of work done. This stone came from the old arch or bridge, and the plaintiff claimed it had no value, or, if it had a value, that by an agreement with the engineer the contractors had a right to use it without charge. The plaintiff also claimed that he should be allowed for 104 feet of centering instead of 80 feet as stated in the account of the engineer, the difference being $12; also that he should be allowed for the value of 150 yards of gravel which he claimed the contractors furnished by the direction of the city engineer. The defendant admitted its liability for the balance of the account as stated by the engineer, but denied any farther liability. So that the contest on the trial was over the stone, the centering and the gravel above referred to.

It was held by the court that if the additional centering was proper or necessary for the safe construction of the work, the plaintiff could recover for it; that if the gravel was furnished at the direction of the city engineer, its value could be recovered; that if the stone had no value, or were used by the contractors upon an agreement or understanding with the city engineer that they could do so without charge, then the charge for the stone in the engineer's account was improper and the balance in plaintiff's favor should be increased accordingly. Exception was duly taken by the defendant. The jury found for the plaintiff.

The ruling of the court was apparently on the basis that the city engineer had authority to vary the terms of the original contract and its requirements. The contract, however, only gave the engineer the right to vary the work with the consent of the common council, and it could not be altered from the specifications by the contractors without the express sanction of the city engineer in writing. No such

consent or sanction appears. The contract provides that the return of the engineer shall be the account by which the amount of work done and materials furnished under the contract shall be computed. Whatever centering was done was under the contract. It was provided for by one of the specifications. The amount necessary to be done was for the city engineer to determine and not to be determined by any outside tribunal. His certificate or return, by the agreement of the parties, regulated the amount to be allowed for.

So, whatever use was made of gravel was in the performance of part of the contract, as indicated by the specifications that required that when the stone work was completed " the street shall be filled to its present grade " and left in good condition. This the contractors agreed to do and they were limited to the compensation given by the contract. The engineer had no right to increase it, or to bind the city to pay, beyond the contract, for material that they used in properly performing the contract. On this subject, too, the return of the engineer was agreed to be the guide and that does not include it.

The parties had a right to agree to be bound by the return of the engineer. Such a provision is obligatory. President, &c., D. &. H. Canal Co. *v.* Pa. Coal Co., 50 N. Y. 264, and cases cited. By the fair construction of the contract in question, it must I think be held that the return of the engineer was conclusive on the contractors as to the material furnished or work done. That being so, the plaintiff had no right to recover for the gravel or for any more centering than that allowed in the return.

Was the return of the engineer also conclusive as to the charge to be made against the contractors for the stone taken from the old structure and used in the new? There is no dispute as to the amount in fact used. The contractors were paid under the head of excavation for taking it out of the old structure. The plaintiff called one witness, the real

party in interest, who testified that it was of no value after taken out, that the labor required to put it in order was as much as it was worth, while another witness called by plaintiff places the value of the 148 yards after being taken out at least one dollar a yard, and the forty-two yards two dollars a yard. The evidence on the part of defendant placed the value as much as was charged. The weight of evidence was strongly in favor of the proposition that the stone were of considerable value. In such a case, the engineer had no right to give to the contractor the stone that were used in the new structure. It was his duty under the contract to fix the amount to be allowed by the contractors therefor, and " the value thereof shall be deducted from the account of work done under this agreement." The allowance was a matter to be done when the account was made up, and that was to be done when the contract was completed. In case of any misunderstanding in regard to the true intent or meaning of any of the terms of the contract or specifications, the decision of the engineer was to be conclusive.

It is quite apparent that nothing was to be left open for litigation under the contract, and that the return or final account of the engineer was to include and represent and adjust all the claims of the contractors. This was to be verified and presented to the common council. They were to review and if satisfactory approve, and thereupon the contractors " shall be entitled to receive the amount due on said final account," " in full settlement of this contract." The return approved by the common council would thus, according to the terms of the contract, be a full settlement. It would follow that if the plaintiff's action is on the contract, he would be bound by the return. It is, however, suggested by the plaintiff, that the written contract is not the sole cause of action, but that it includes several contracts made by the city engineer as the authorized agent of the city. The complaint counts only on " a contract." The items in dispute all relate to and are included in the subject-matter of

the written contract. The gravel and centering, if furnished
by the contractors, were furnished in the performance of
work they were required to do under the contract. The
matter of the stone was provided for by the contract. No
authority is shown in the engineer to make any new contract.
None will be implied. Woodruff v. Roch. & Pitts. R. R. Co.,
108 N. Y. 39. He simply carried out the written one, and
made his return as required by it.

As the case stood, we think it should have been held that
the plaintiff showed no right of recovery beyond the balance
fixed by the return of the city engineer.

It follows that the judgment must be reversed.

Judgment and order reversed on the exceptions, and new
trial ordered, costs to abide event.

HARDIN, P. J., and MARTIN, J., concur.